COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-05-475-CR 

       2-05-476-CR

 

 

RODERICK DENNIS                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

 

                                              ------------

                                                    

                                   MEMORANDUM OPINION[1]

Appellant Roderick Dennis
appeals from his convictions for possession of a controlled substance.  We affirm.








Appellant=s court-appointed appellate counsel has filed motions to withdraw as
counsel and a brief in support of the motions. 
In the brief, counsel avers that, in her professional opinion, this
appeal is frivolous.  Counsel=s brief and motions meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  In
addition, this court informed appellant that he may file a pro se brief, but he
has not done so.

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on appellant=s behalf.[3]  Because these cases involve the trial court=s adjudication of appellant=s deferred adjudication community supervision, our independent review
for potential error is limited to jurisdictional defects, potential errors not
affecting the decision to adjudicate, and post-adjudication matters unrelated
to appellant=s
convictions.[4]  The trial court=s decision to adjudicate guilt is not appealable.[5]








Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional defects.  The indictments
conferred jurisdiction on the trial court and provided appellant with sufficient
notice to prepare a defense.[6]  In addition, the trial court had jurisdiction
to adjudicate appellant=s guilt and
sentence him, and the sentences assessed are within the punishment range for
the adjudicated offenses.[7]  

Because there is no arguable
ground that may be raised on appellant=s behalf in these appeals, we grant counsel=s motions to withdraw and affirm the trial court=s judgments.   

PER CURIAM

PANEL
F:  CAYCE, C.J.; LIVINGSTON and MCCOY,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 22, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[4]See
Hargesheimer v. State, 182 S.W.3d 906, 912 (Tex. Crim. App.
2006); id. at 914 (Johnson, J., concurring); Bray v. State, 179
S.W.3d 725, 727 (Tex. App.CFort Worth 2005, no pet.). 





[5]Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon 2006); Hargesheimer, 182 S.W.3d at 912.





[6]See Tex. Const. art. V, '
12(b); Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon 2005); Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 





[7]See Tex. Code Crim. Proc. Ann.
arts. 4.05, 42.12, '
(5)(b); Tex. Health & Safety Code
Ann. '
481.102(3)(D) (Vernon Supp. 2006), id. '
481.115(c)B(d)
(Vernon 2003); Tex. Penal Code Ann.
''
12.33B.34
(Vernon 2003).